IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANNY F. MULLEN JR.<br>45305 State Route 46<br>New Waterford, Ohio, 44445<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>HILL INTERNATIONAL TRUCKS, LLC<br>c/o Statutory Agent, Jack Hill<br>47866 Y & O Road<br>East Liverpool, Ohio 43920<br><br>　　-and-<br><br>MODERN AUTO & TRUCK PARTS, LLC<br>c/o Statutory Agent, Anthony Sorge<br>PO Box 2170 Calcutta Branch<br>East Liverpool, Ohio, 43920<br><br>　　　　　　　　Defendants. | CASE NO:<br><br>JUDGE:<br><br>COMPLAINT FOR DAMAGES<br><br>(Jury Demand Endorsed) |

Plaintiff Danny F. Mullen, by and through undersigned counsel, as his Complaint against Defendants, state and avers the following:

## PARTIES

1. Mullen is a resident of the city of New Waterford, county of Columbiana, state of Ohio.

2. Hill International Trucks, LLC ("Hill International") is an Ohio limited liability corporation which maintains its principal place of business in East Liverpool, Ohio.

3. Modern Auto & Truck Parts, LLC ("Modern Auto") is an Ohio limited liability corporation which maintains its principal place of business in East Liverpool, Ohio.

## PERSONAL JURISDICTION

4. Defendants hire citizens of the state of Ohio, contracts with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

5. Mullen worked in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired out of this district.

6. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under The Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Mullen' state law claims because those claims derive from a common nucleus of operative facts.

9. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## FLSA COVERAGE

10. At all times referenced herein, Defendants formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times material to the Complaint, Mullen directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in their work, namely by regularly and recurrently selling and ordering automotive parts that originated from outside of Ohio in the scope and course of his employment.

12. At all times referenced herein, Defendants were employers within the meaning of the FLSA and the OMFWSA.

## FACTS

13. Hill International is an "International" Brand Truck dealer.

14. In or around 2014, Hill International purchased four NAPA Auto Part stores and began operating them under the Modern Auto franchise name.

15. As stated on Hill International's website, "Hill International Trucks is a proud owner of four local NAPA Auto Parts locations: East Liverpool, OH; Cadiz, OH; Magnolia, OH, and St. Clairsville, OH."[1]

16. Mullen is a former employee of Defendants.

17. At all times referenced herein, Mullen was jointly employed by Defendants.

18. At all times referenced herein, Defendants jointly controlled the day to day operations of the each of their four NAPA stores, to include controlling their respective compensation and overtime policies.

19. Both Hill International and Modern Auto maintained and in fact exercised the authority to hire and fire employees at each of their four NAPA stores.

20. Both Hill International and Modern Auto maintained and shared employment records for Mullen.

21. Mullen was first hired by Defendants in or around May of 2017 to work in their East Liverpool, Ohio NAPA store as a "Counter Salesperson."

22. As a "Counter Salesperson," Mullen's primary job duties consisted of helping customers at the counter, selling them auto parts, tools, and other equipment, answering phone calls, and pulling inventory.

---

[1] Exhibit 1.

23. Mullen had no supervisory responsibilities and could not hire or fire.

24. Mullen had no input on hiring and firing decisions.

25. Mullen's primary job duties were not office work or non-manual work.

26. Mullen's primary job duties were not related to the management or general business operations of Defendants' business.

27. Mullen was not empowered to exercise discretion and independent judgment with respect to matters of significance concerning Defendants' business.

28. As a "Counter Salesperson," Mullen was non-exempt from the overtime requirements of the FLSA.

29. Mullen typically worked as a "Counter Salesperson" at the East Liverpool NAPA from 7:30am until 5:00pm with no lunch break.

30. Mullen typically worked at least five days a week.

31. Defendants did not track Mullen's hours of work as a "Counter Salesperson."

32. Defendants did not require Mullen to record his hours of work as a "Counter Salesperson."

33. Mullen typically worked at least 47.5 hours per week as a "Counter Salesperson," although he sometimes worked past 5:00pm and he sometimes worked six days a week.

34. Mullen was paid a salary for his work a "Counter Salesperson."

35. Although Mullen was paid some commissions, his income from Defendants was primarily his salary.

36. Mullen's salary was intended to compensate him to work 40 hours a week.

37. Upon information and belief, no written agreement or document exists that establishes that Mullen's salary was intended to compensate Mullen for greater than 40 hours a week.

38. Defendants paid Mullen for his work as a "Counter Salesperson" using Modern Auto checks.

39. Defendants did not pay Mullen for any hours he worked over 40 in a given week as a "Counter Salesperson."

4

40. Defendants failed to pay Mullen overtime at a rate of one and one half his regular rate of pay for any hours Mullen worked in excess of 40 per week as a "Counter Salesperson."

41. At all times referenced herein, Mullen had a disabled minor child.

42. Mullen's child has significant care needs.

43. As a result of Mullen's need to provide sufficient care to his disabled child, Mullen sought to increase his income.

44. In or around April of 2019, Mullen sought and accepted a second position with Defendants doing inventory at their International Truck dealership in East Liverpool.

45. Mullen would typically work 5 to 10 hours a week at the International Truck dealership.

46. Mullen was paid hourly for the work he performed at the International Truck dealership.

47. Pursuant to 29 CFR § 791.2, Defendant were required to treat Mullen's hours of work at the International Truck dealership as overtime.

48. Defendants failed to pay Mullen overtime at a rate of no less than one- and one-half times his regular rate of pay or his weighted regular rate of pay for any hours he worked in either his inventory position or his "Counter Salesperson" position, in violation of the FLSA.

49. On or about May 31, 2019, Defendants terminated Mullen from both of his positions for conduct that allegedly occurred at the East Liverpool NAPA store.

50. Mullen was terminated after he became upset with his supervisor at NAPA, Bill Manis, after Manis suggested that Mullen should "just let" his child die.

51. Defendants cited to portions of the Hill International handbook when they terminated Mullen.[2]

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
## (29 U.S.C. § 207).

52. Mullen restates each and every prior paragraph of this Complaint, as if it were fully restated

---

[2] Mullen intends to bring an associational discrimination claim based on his child's disability when that claim becomes ripe. Mullen cannot bring the claim at this time because it is still pending before the Equal Employment Opportunity Commission ("EEOC").

herein and further alleges as follows:

53. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

54. Mullen was not exempt from the right to receive overtime pay under the FLSA during his employment with Defendants.

55. Despite the fact that Modern Auto and Hill International exist as two separate legal entities, they are a "joint enterprise" and a "single employer" for the purposes of the FLSA, as operations were interrelated, both entities were managed by the same people, labor relations were subject to centralized control, and (Mullen believes and intends to prove through discovery) Modern Auto and Hill International had common ownership or financial control.[3]

56. Because Modern Auto and Hill International were a joint enterprise and constituted a single employer for the purposes of the FLSA, Mullen was entitled to time-and-one-half pay for any hours he worked in excess of forty hours per week regardless of the location at which he worked or the legal entity paying him.

57. Mullen is entitled to be paid overtime compensation for all overtime hours he worked for Defendants.

58. As a result of Defendants' failure to properly compensate Mullen at a rate not less than 1.5 times the regular rate of pay for work he performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

59. Mullen is entitled to damages in the amount of his unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including his attorneys' fees and costs.

---

[3] *Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc.*, 380 U.S. 255, 256 (1965).

60. At all times relevant to this action, Defendants willfully failed and refused to pay Mullen overtime wages required by the FLSA, causing Mullen to suffer damage in amounts to be proven at trial.

61. Defendants either recklessly failed to investigate whether their failure to pay Mullen an overtime wage for the hours he worked in excess of 40 per week during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Mullen to believe that Defendants were not required to pay him overtime wages, and/or Defendants concocted a scheme pursuant to which they deprived Mullen the overtime pay he earned.

62. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

64. Mullen requests recovery of his attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

### COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME.

65. Mullen restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

66. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

67. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

68. Mullen was an employee of Defendants as that term is defined by the OMFWSA.

69. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty

7

hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

70. Defendants failed to pay Mullen overtime for hours he worked in excess of 40 per week.

71. In denying Mullen overtime compensation, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

72. As a direct and proximate result of Defendant's unlawful conduct, Mullen has suffered and will continue to suffer a loss of income and other damages.

73. Having violated the OMFWSA, Defendants are joint and severally liable to Mullen pursuant to O.R.C. § 4111.10 for the full amount of his unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Mullen for an amount equal to twice his unpaid wages. O.R.C. § 4111.14(J).

74. Further, Defendants are liable to Mullen for his attorney fees and court costs in pursuing this action.[4]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Danny Mullen requests judgment against all Defendants and for an Order:

a. Awarding Mullen unpaid minimum wages and overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b. Awarding Plaintiff compensatory and monetary damages against Defendants to compensate Plaintiff for lost wages, unpaid wages, other consequential damages, and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq.;

d. Issuing a declaratory judgment that Defendants violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a), and the OMWFSA, R.C. § 4111.08;

---

[4] Ohio Rev. Code § 4111.10(A).

e.  Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

f.  Awarding pre-judgment and post-judgment interest as provided by law;

g.  Awarding reasonable attorneys' fees and costs; and

h.  Awarding such other and further relief that this Court deems appropriate.

                  Respectfully submitted,

                  */s/Chris P. Wido*
                  Chris P. Wido (0090441)
                  Matthew Bruce (0083769)
                  **THE SPITZ LAW FIRM, LLC**
                  25200 Chagrin Boulevard, Suite 200
                  Beachwood, Ohio 44122
                  Phone: (216) 291-4744
                  Fax:    (216) 291-5744
                  Email: chris.wido@spitzlawfirm.com
                              matthew.bruce@spitzlawfirm.com

                  *Attorneys for Plaintiff Danny Mullen*

## **JURY DEMAND**

Plaintiff Danny F. Mullen demands a trial by jury by the maximum number of jurors permitted.

                                                          */s/Chris P. Wido*
                                                          Chris P. Wido (0090441)